## THOMAS HOOPER'S LESSEE v. ELIZABETH WILLIAMS et al.

Court of Common Pleas. Sussex. November 22, 1796.

*Wilson's Red Book, 140.*\*

*White, Bayard* and *Peery* for plaintiff.[1]  *Fisher, Wilson* and *Ridgely* for defendants.

Plaintiff offered to prove declarations of Nathan Adams.

Defendants objected to this evidence.

Bassett, C. J., not sitting, and the Court divided.

*Ridgely* contended that the evidence could not be given and said wherever anything is asked and the court are divided, the thing cannot be carried into execution because the court's consent is necessary.  Motion for a new trial, court divided and none granted; point reserved, court divided, no judgment could be entered, 3 Morg.Ess. 179, 2 Vin.Abr. 501.

PER CURIAM.  This is an objection; if it is not supported, it falls of course.  *Vide* 1 Mall.Ent. 278, 3 Mod. 168.  *Vide* 1 Str. 139.

---

\* This case is also reported in *Bayard's Notebook, 165; Rodney's Notes*, November, 1796.

1 Bayard lists plaintiff's counsel as *Miller, Bayard* and *Peery.*

Defendants offered Chancery docket of depositions taken under a commission—no notice appeared and the return was signed only by two commissioners.

Objected to for those reasons: this power is a special one given the Chancery; the power to the three commissioners was joint and could not be exercised by a fewer number.

Answered by defendants. Notice was necessary before the Chancery, but they have confirmed the depositions, and by 1 Body Laws 362, 363, two Commissioners may make returns.

JOHNS, J. I entertain no doubt but that the power is a joint one and ought to be so exercised, but we admit this as evidence on the principle that it is a record of a Court of Chancery, and these objections of want of notice was properly to be inquired into before the Court of Chancery, and we are not to decide on that business.

RODNEY, J., accordant.